# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

PATRICK O. IVORY,                  PETITIONER

V.                                  NO. 4:05CR076-GHD

UNITED STATES OF AMERICA,              RESPONDENT

## MEMORANDUM OPINION

Presently before the court is Petitioner Patrick Ivory's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255.[1] Having reviewed the motion, the court finds that it is not well taken and shall be denied.

### A. Factual Background

Ivory was indicted in a two-count indictment for distributing in excess of 50 grams of crack cocaine and carrying a firearm while trafficking drugs. On September 1, 2005, with the assistance of counsel, Ivory entered into a plea agreement with the Government. Ivory agreed to plead guilty to distributing in excess of 50 grams of crack cocaine, in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(A). He pled guilty on September 8, 2005, and Count Two of the indictment was dismissed.

On November 21, 2005, Ivory was sentenced to 120 months imprisonment. Judgement was entered December 1, 2005. No appeal was taken. Ivory, however, filed this motion on October 25, 2008, asserting that his sentence has been miscalculated. Specifically, Ivory argues that he should be given credit for timed served in state custody prior to the imposition of his sentence in this case. As discussed *infra*, Ivory's motion will be denied.

---

[1] Petitioner originally filed a "motion to correct sentence." The court warned him that the motion could be construed as a 2255 petition and provided him with ample time to amend the petition. Petitioner, however, never responded to the court's order. Thus, it has been construed as a 2255 petition which will bar any successive petitions.

### B. Standard for Review under Section 2255

After a defendant has been convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Accordingly, relief under 28 U.S.C. § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). A criminal defendant seeking relief from his conviction or sentence in a motion to vacate pursuant to § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

### C. Statute of Limitation

Notwithstanding the absence of any meritorious claim, Ivory's motion is also barred by the statute of limitation. A prisoner incarcerated by order of a federal court has one year to attack the constitutionality of his sentence. 28 U.S.C. § 2255. That section provides:

> The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As noted above, Petitioner was sentenced on November 21, 2005. Judgment was entered on December 1, 2005. Under Rule 4(b)(1)(A)(i) of Appellate Procedure, Petitioner had ten days from the entry of the judgment to file a notice of appeal. Thus, his judgment became final on December 15, 2005, the last day Petitioner could have appealed his sentence.[2] In order to be timely, his § 2255 motion should have been filed on or before December 15, 2006. Unfortunately, Petitioner did not file his motion to vacate sentence until August 25, 2008, nearly two years too late. Therefore, the motion is barred by the one-year statute of limitation unless one of the other three circumstances described in § 2255(2) through (4) is applicable.

Petitioner, however, does not allege any impediment to making the motion or that the government prevented him from seeking relief. Petitioner does not assert any newly recognized right that would apply retroactively. Nor is his motion based on any facts that where not readily apparent at the time he was sentenced. To the contrary, the argument set forth in his motion, though meritless, should have been obvious to Petitioner at least within the one-year limitations period. Consequently, Petitioner's § 2255 motion is untimely.

Rare and exceptional circumstances may nevertheless warrant the application of equitable tolling to an untimely filed habeas petition. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one-year limitations deadline. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Furthermore, ignorance of the law and "garden variety claims of excusable neglect, do not warrant the application of equitable tolling." *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000). While not expressly asserted by Ivory in his motion, there is no equitable basis for extending the limitations period. Accordingly, Ivory's habeas petition is barred by the one-year statute of limitation.

---

[2] This date excludes intermediate Saturdays and Sundays. *See* Fed. R. Crim. P. 45(a)(2).

3

### D. Review under Section 3583

Additionally, a district court is authorized to modify a previously imposed sentence (1) when the court receives a motion from the director of the Bureau of Prisons indicating there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure the district court may correct an arithmetical, technical or other clear error identified in a previously imposed sentence within seven days after the imposition of the sentence; (3) pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure the government may motion for reduction when a defendant has provided substantial assistance; and (4) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582.

None of these circumstances are applicable in this case. Furthermore, though there were no arithmetical errors, any technical miscalculation should have been corrected by December 1, 2005–seven days after the sentence was announced. *See United States v. Gonzalez*, 163 F.3d 255, 264 (5th Cir. 1998). Ivory's motion has no legal basis and should be denied.

### E. Conclusion

Petitioner has failed to demonstrate that the sentence imposed upon him should be vacated. His petition is untimely and shall be barred by the one-year limitations period provided under 28 U.S.C. § 2255. Therefore, for the foregoing reasons, Petitioner's Motion to Vacate Sentence is denied.

A final judgment in accordance with this opinion will be entered.

THIS the 22rd day of December, 2008.

SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI